## J. D. GOULD AND W. A. SOMERS

v.

## L. S. CONANT AND W. H. BEDELL.

CALEDONIA COUNTY, MAY TERM, 1893.

BEFORE :    TAFT, ROWELL, MUNSON AND START, JJ.

*Implied promise.    Consideration.    Recission.*

1.    The plaintiffs leased to the defendants certain pulp machinery among which was a patented machine, for the use of which upon the payment of a certain royalty the plaintiffs had a written license from the patentee.    At the time of the execution of the lease the minds of the parties did not meet upon the question by whom this royalty should be paid, but the defendants knew that the plaintiffs understood that they, the defendants, were to pay it.    The parties both understood that an assignment of this license was necessary to give the defendants a right to use this machine ; and three or four days after the execution of the lease the plaintiffs made and sent to the defendants a written assignment of the license, which contained a provision that the defendants should pay the royalty.    The defendants struck out this provision and sent the assignment to the town clerk's office, without notice to the plaintiffs, who had no knowledge of this action upon the part of the defendants for some months.    *Held,* that the defendants by using the

machine under these circumstances became liable for the royalty.

2. Since the parties understood that the lease and assignment were both necessary instruments to the carrying out of the contract between them for the use of this machine, no independent consideration need be shown for the promise to pay the royalty.

3. The defendants would be liable for the payment of the royalty after their action in striking out that provision in the assignment came to the knowledge of the plaintiffs, if they, the defendants, did not rescind the contract, but insisted upon their right to keep and use the property under it.

4. The defendants cannot object, in this suit for the recovery of royalties which the plaintiffs have paid, that the machine used by them was not the identical one named in the license.

Assumpsit. Heard upon the report of a referee at the December term, 1892, Caledonia county, Ross, C. J., presiding. Judgment *pro forma* for the plaintiffs. The defendants except.

*Smith & Sloane* for the defendants.

The lease of the machinery carried with it the right to use this machine without further payment. Washb. Ease., 49; 1 Wash., R. P., 465, 467; 3 Wash., R. P., 410; *Riddle* v. *Littlefield*, 53 N. H. 503; Paper Bag Machine Cases, 105 U. S. 766; *Cobb* v. *Cowdery et al.*, 40 Vt. 25.

The defendants never assented to the payment of this further sum by way of royalty, and as to it the contract never became complete. Chitty, Cont., 13; *Congdon* v. *Darcy*, 46 Vt. 478; 1 Add., Cont., par. 20.

*Bates & May* for the plaintiffs.

The defendants having used the machine after notice from the plaintiffs that they must pay the royalty are liable for it.

*Montgomery* v. *Ricker*, 43 Vt. 165 ; *Sherman* v. *Trans. Co.*, 31 Vt. 162 ; 1 Add., Cont., §§ 30, 31; *Paddock* v. *Kittredge*, 31 Vt. 384.

MUNSON, J.   The plaintiffs owned a mill and machinery designed for the manufacture of pulp.   Included in this property was a patented machine, the right to use which depended upon the payment of a royalty to the owner of the patent.   The plaintiffs leased the entire property to the defendants for a term of years at an annual rental.   The lease contains nothing in regard to the royalty.   The plaintiffs claim to recover the royalties which they paid upon the machine while it was being used by the defendants.   This claim is in accordance with the terms of an assignment sent to the defendants soon after the lease was executed, and retained by them under the circumstances hereafter stated. The defendants contend that the lease gave them the right to use this machine with the other property for the specified rent, and that no additional burden can be imposed upon them.   It is insisted that the lease cannot be contradicted by parol evidence, and that the assignment subsequently received was not accepted as originally drawn, and that if so accepted the promise to pay the royalty was without consideration.

It appears that at an interview which preceded the execution of the lease, the plaintiffs insisted that the defendants should pay the royalty, and that the defendants declined to do so ; and that the parties separated without coming to an agreement.   At another interview, in which it did not appear that the matter of the royalty was mentioned, the defendants decided to take the property ; and the lease was soon after prepared and executed.   The referee finds that in the negotiations which preceded the execution of the lease the minds of the parties did not meet upon the matter of royalty, but that the plaintiffs understood that the defendants were to pay it,

and that the defendants knew that the plaintiffs so understood it. It is further found that when the lease was executed both parties understood that the assignment of the plaintiffs' right to use this machine was to be effected by a separate instrument. Soon after the delivery of the lease the defendants wrote the plaintiffs, urging an immediate preparation of the assignment, as they wished to have the matter entirely closed before commencing operations. The plaintiffs soon after mailed to the defendants an assignment of their right to use one machine under this patent. This assignment, as executed by the plaintiffs, contained a provision which imposed upon the defendants the payment of the royalty. On receiving the assignment the defendants struck out this provision, and sent the assignment thus altered to the town clerk's office, where the plaintiffs found it some months later. The defendants did not inform the plaintiffs of what had been done with the assignment, nor notify them in any way of their dissatisfaction with its terms; but entered upon and continued in the possession and use of the property embraced in the lease.

The plaintiffs' contention that the assignment was necessary to give the defendants a right to use the machine cannot be sustained. The plaintiffs could transfer to others the right to use the machine, if they themselves continued to pay the royalties. The mere fact that the patentee had a control of the machine independent of the ownership of it, did not create a necessity for two instruments to effect a transfer of the plaintiffs' rights. The case must be considered upon the ground that an assignment was not really essential to the defendants. But the fact remains that the parties contracted and prepared their writings in the belief that such an instrument was essential.

The facts before stated were found from evidence which the defendants objected to as tending to contradict the import of the lease. But the case presented affords ground for an inquiry other than that regarding the use of parol evidence

to vary the terms of a writing. That question will become unimportant if it be held that the defendants assumed the payment of the royalties by becoming parties to this written assignment. They could subject themselves to this liability by a retention of the paper without notice of repudiation, if received under circumstances which imposed upon them the duty of taking action in regard to it. The evidence objected to was properly used to determine the circumstances under which the assignment was executed and delivered, and its connection with the lease.

It appears from the facts reported that both the lease and the assignment had their origin in the same agreement, and were executed as parts of one transaction. The assignment was not sent as presenting a further claim of the plaintiffs, but as a writing required by the original agreement of the parties. The form of the assignment did not call for an execution by the defendants, and the plaintiffs had no reason to look after the paper further. The defendants knew that the plaintiffs had sent it as a compliance with the agreement previously entered into, and that they supposed it to be in accordance with the understanding. This did not permit its being treated as a mere proposal. The defendants could not hold it in silence without giving it effect as a part of the contract. Its retention without notice of dissent was sufficient to justify the plaintiffs in assuming that it was accepted in the terms in which it was executed. The execution of an assignment being required by the agreement, it cannot be said that the plaintiffs were bound to understand that the defendants were using the machine by virtue of their lease and not under the assignment. The defendants must be held to have assumed the payment of the royalty by an acceptance of this assignment, unless it can be said that the undertaking was without consideration.

But we think the view of the case above presented is decisive of this further question. A consideration for the defend-

ants' undertaking is disclosed by the relation which the assignment sustains to the transaction. The parties entered into a certain arrangement, and agreed that that arrangement should be evidenced by two writings, of which this assignment is one. It is not the case of a subsequent agreement for which an independent consideration must be found. The assignment was executed as a part of the transaction in which the lease was given, and the stipulations in both instruments are supported by the same consideration. It is not necessary to consider whether the assignment was of any value to the defendants. They believed it to be, and insisted that one should be given. Having stipulated for such a writing as one of the evidences of their understanding, and held it under circumstances which made their retention an acceptance of its terms, they cannot now say that they got everything by the other writing, and had no need of this. It is evident that a failure to give force to this assignment as a part of the transaction would deprive the plaintiffs of a written stipulation, without which there would have been no demise of the property; for if the plaintiffs had not known that there was to be an assignment of the right to use this machine, they would have seen to it that the provisions pertaining to its use were embraced in the lease.

But the defendants insist that if liable at all, their liability ceased when the plaintiffs became aware of their action in regard to the assignment. It appears that in the controversy which followed the plaintiffs' discovery of the alteration of the assignment, the defendants made no offer to rescind, but insisted on keeping the property and using the machine. Without considering whether a different course on the part of the defendants could have affected the rights of the parties, it is certain that the position taken by them leaves no ground on which it can be claimed that the further use of the machine was on their terms. The payment of the royalty for the

whole time must depend upon the construction given by the court to the contracts in dispute.

The defendants insist further that the plaintiffs cannot recover, because the machine leased and assigned to them is not the identical one covered by the license given the plaintiffs. We do not think the defendants can take advantage of this fact. No question regarding the right to use this particular machine under the license held by the plaintiffs has been raised by the owner of the patent. The defendants have been protected in the use of the machine by the plaintiffs' payment of the royalties for which recovery is claimed.

*Judgment affirmed.*